IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

| | |
|---|---|
| NORTHWEST BORING COMPANY, INC., a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ADMIRAL INSURANCE COMPANY, a foreign insurance company,<br><br>　　　　　　Defendant. | No.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES<br><br>**JURY DEMANDED** |

## I.　PARTIES

1.　Plaintiff Northwest Boring Company, Inc. ("NWB") is a Washington corporation.

2.　Defendant Admiral Insurance Company ("Admiral") is a foreign insurance company that insures risks in Washington.

## II. JURISDICTION & VENUE

3. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because NWB and Admiral are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here, and under §§ 1391(d) because Admiral's contacts within this judicial district are sufficient to subject it to personal jurisdiction within this district.

## III. CLAIMS

5. NWB was a micro-tunneling subcontractor to Lane Construction Corporation on the Ship Canal Water Quality Project in Seattle ("the Project").

6. Admiral issued a general liability insurance policy to NWB with a June 1, 2022 to June 1, 2023 policy period ("the Policy").

7. The Policy insures NWB's liability for certain kinds of property damage occurring during the policy period.

8. In December 2022, NWB received notice of a sinkhole that Lane alleged was the result of NWB's work on the Project.

9. On December 19, 2022, NWB notified Admiral of Lane's allegations relating to the December 2022 sinkhole.

10. On December 20, 2022, Admiral responded that it "acknowledge[d] receipt of the claim and [was] investigating this loss."

11. On December 29, 2022, a representative of Admiral inspected the sinkhole. Admiral never provided its findings from that inspection to NWB, nor did Admiral take a coverage position relating to Lane's December 2022 sinkhole claim.

12. In March 2023, Lane issued "Deductive Change Order 4," purporting to charge NWB for costs that Lane had incurred arising out of the December 2022 sinkhole.

13. On April 1, 2023, Admiral billed NWB for the cost of Admiral's December 29 inspection of the sinkhole as part of "the deductible feature" of the Policy.  NWB paid the "deductible" invoice.

14. In 2022, NWB filed a lawsuit against Lane for certain claims arising out of the Project ("the Underlying Lawsuit").

15. On September 7, 2023, Lane filed a counterclaim against NWB in the Underlying Lawsuit that alleged NWB was liable to Lane for, among other things, damages arising out of the December 2022 sinkhole at issue in Deductive Change Order 4.

16. Representatives of NWB sent a copy of Deductive Change Order 4 to Admiral on April 18, 2024.

17. Had Admiral conducted a reasonable investigation into the December 2022 sinkhole claim, Admiral would have determined that it owed a duty to defend NWB from Lane's counterclaim in the Underlying Lawsuit because the counterclaim at least potentially alleged that NWB was liable to Lane for property damage caused by an accident.

18. Admiral has not acknowledged coverage for the December 2022 sinkhole claim and has not agreed to defend NWB from Lane's counterclaim in the Underlying Lawsuit.

19. An actual controversy exists between NWB and Admiral concerning the parties' rights and obligations under the Policy.

20. Pursuant to 28 U.S.C. § 2201(a), NWB is entitled to a declaration regarding the respective rights and legal relations of the parties, including that:

- Admiral breached the Policy by failing to defend NWB from Lane's counterclaim;
- Admiral failed to conduct a reasonable investigation, as required by <u>Coventry Assocs. v. Am. States Ins. Co.</u>, 136 Wn.2d 269, 961 P.2d 933 (1998), WAC 284-30-330(4), WAC 284-30-370, and other applicable law;
- Admiral unreasonably breached its duties to NWB, including its duty to defend NWB from Lane's counterclaim and its duty to conduct a reasonable investigation into the December 2022 sinkhole claim, and Admiral is therefore estopped from denying coverage for NWB's liability to Lane in the Underlying Lawsuit; and
- Admiral's breaches of the Policy relieve NWB of any duty to comply with Policy conditions.

21. Admiral owed contractual duties to NWB under the Policy, including a duty to conduct a reasonable investigation and a duty to defend NWB against Lane's counterclaim in the Underlying Lawsuit.

22. Admiral breached its contractual duties under the Policy, proximately causing harm to NWB in an amount to be proven at trial.

23. Admiral owed NWB a duty to act reasonably and in good faith. Admiral unreasonably breached these duties to NWB, proximately causing harm to NWB in an amount to be proven at trial and estopping Admiral from denying coverage for NWB's liability to Lane in the Underlying Lawsuit.

24. According to RCW 48.01.030, the business of insurance is one affected by the public interest.

25. Admiral's violations of the Washington Administrative Code—including WAC 284-30-330(4) and WAC 284-30-370—constitute unfair or deceptive acts or practices

occurring in trade or commerce, in violation of Washington's Consumer Protection Act, RCW Chapter 19.86.

26. Admiral's violations of the Consumer Protection Act proximately caused harm to NWB's business or property in an amount to be proven at trial.

## IV. RELIEF REQUESTED

1. A declaration as to the rights and legal relations of the parties;

2. An award of money damages in an amount to be proven at trial;

3. An award of enhanced damages under RCW 19.86.090;

4. An award of pre- and post-judgment interest as allowed by law;

5. An award of attorney's fees and costs of litigation pursuant to applicable statute, regulation, common law, or recognized ground in equity; and

6. Such other and further relief as this Court deems just and proper.

## V. JURY DEMAND

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

DATED this 21st day of August 2024.

HARPER | HAYES PLLC

By: s/ *Todd C. Hayes*
Todd C. Hayes, WSBA No. 26361
By: s/ *Thomas M. Williams*
Thomas M. Williams, WSBA No. 47654
1200 Fifth Avenue, Suite 1208
Seattle, WA 98101
(206) 340-8010
todd@harperhayes.com
twilliams@harperhayes.com
Attorneys for Plaintiff Northwest Boring Company, Inc.